NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3034

DIANE KING,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Diane King, of Prattville, Alabama, pro se.

David F. D'Alessandris, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Patricia M. McCarthy, Assistant Director.

Appealed From:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3034

DIANE KING,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED: March 12, 2007

_____

Before MICHEL, <u>Chief Judge</u>, GAJARSA, <u>Circuit Judge</u>, and ROBINSON, <u>Chief Judge</u>.[*]

PER CURIAM.

Diane King ("Ms. King") seeks review of the decision of the Merit Systems Protection Board ("Board") denying Ms. King's Individual Right of Action ("IRA") appeal regarding the Department of Veterans Affairs' ("VA") decision not to award her a bonus and failure to promote her to the position of Supervisory Medical Technologist. <u>King v. Dep't of Veterans Affairs</u>, No. AT-1221-05-0790-W-1 (Oct. 4, 2006). We <u>affirm</u>.

_____

[*] Honorable Sue Robinson, Chief Judge, United States District Court for the District of Delaware, sitting by designation.

BACKGROUND

Ms. King has been a GS-9 Medical Technologist with the VA Health Care System in Montgomery, Alabama since 1998. During her time at the VA, she engaged in several whistleblowing disclosures. Ms. King alleges that several personnel actions were taken by the VA in reprisal for these disclosures.

After exhausting her remedies with the Office of Special Counsel regarding these actions, Ms. King filed an Individual Right of Action appeal to the Board under 5 U.S.C. § 1221(a). Prior to hearing the case, Administrative Judge ("AJ") Joseph E. Clancy, limited the appeal to two personnel actions the VA allegedly took against Ms. King: (1) the denial of a bonus in 2003 and (2) the denial of a promotion to the position of Supervisory Medical Technologist in 2005.

In an initial decision on March, 30, 2006, AJ Clancy found that the VA had shown by clear and convincing evidence that it would have taken the same personnel actions even in the absence of Ms. King's whistleblowing. The AJ therefore denied Ms. King's request for corrective action. On October 4, 2006, the Board denied Ms. King's petition for review, making the AJ's decision final.

We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

This court must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Ms. King argues that the AJ improperly limited the scope of the appeal. She argues that the AJ should have allowed her to argue that the VA wrongfully refused to credit her with past experience, reducing her pay; that the VA refused her training opportunities; and that she suffered verbal abuse from members of the VA's management. However, in an order on November 1, 2005, the same AJ found that "[t]he remaining matters raised by appellant did not constitute cognizable personnel actions pursuant to 5 U.S.C. § 2302(a)(2)(A), were the subject of relief already obtained in other fora, and/or involved alleged reprisal under 5 U.S.C. §2302(b)(9)." These findings are supported by substantial evidence in the record and the AJ did not abuse his discretion by restricting the appeal to those matters properly before him.

Ms. King also argues that the AJ improperly refused Ms. King's discovery requests. This court reviews the Board's rulings regarding discovery and other evidentiary matters for an abuse of discretion. Curtin v. Office of Pers. Mgmt., 846 F.2d 1373, 1378-79 (Fed. Cir. 1988). However, after limiting the case to the two personnel actions at issue here, the AJ gave the parties a new opportunity to submit discovery requests. The AJ received no submissions from the parties in response to this opportunity and determined, in an order on January 5, 2006, that the VA had "responded specifically and sufficiently with respect to [Ms. King's] requests for documents." There is no evidence in the record that the AJ abused his discretion in doing so.

Ms. King makes several arguments that the AJ made erroneous findings of fact. In support of these arguments, Ms. King points to a statement in the AJ's opinion that was made by one witness but that he attributed to another. The statement itself, that

the qualifications of each of the candidates for the promotion had been reviewed by Human Resources, is supported by the record. The attribution of the statement to a particular VA employee was not important to the AJ's holding. Ms. King also argues that the official in charge of the promotion that she was denied did not know if the person whom he selected for the position had the required credentials. However, there is substantial evidence to support the AJ's finding the official in charge reasonably relied on Human Resources to screen the candidates for qualifications.

Ms. King further argues that the AJ refused to consider circumstantial evidence and that he made erroneous credibility findings. As to the AJ's consideration of evidence, Ms. King points to several places in the hearing transcript where the AJ tried to get her to focus on what he considered the relevant parts of the case. It is not an abuse of discretion for the AJ to focus a litigant away from irrelevant matters. As to the AJ's findings that several witnesses for the VA "testified in an extremely straightforward and forthright manner, and [that he] found their testimony both credible and compelling," such credibility determinations "are virtually unreviewable." Hambsch v. Dep't of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986). Ms. King's simple assertion that this "testimony was particularly lacking in credibility" is insufficient for this court to overrule the AJ's determination.

Another argument presented by Ms. King is that the AJ did not properly apply the clear and convincing evidence standard, by which the VA had to prove that it would have taken the same personnel actions had Ms. King not been a whistleblower. 5 C.F.R. § 1209.7(b). However, it is clear from his opinion that the AJ applied the correct standard. He clearly laid out the proper test and after weighing all of the

evidence found "that the agency ha[d] met its burden to show by clear and convincing evidence that the personnel actions would have been taken even absent [Ms. King's] protected activity." The AJ's holding is supported by substantial evidence in the record as discussed below.

As to the denial of the bonus, only two of ten employees who worked under Ms. King's supervisor were granted bonuses. The supervisor's testimony, which the AJ found highly credible, was that the two employees given bonuses were "outstanding" and "gave '110% every day.'" The AJ found that Ms. King's own opinion that she "was 'at least as good as' the [other] two" was insufficient to overcome what he saw as strong evidence that the supervisor would have made the same choice in the absence of Ms. King's activity.

As to the denial of the promotion, Human Resources presented six employees to the selecting official as qualified. Of the six, five were GS-9 Medical Technologists (including Ms. King) and the sixth was a GS-10 Lead Medical Technologist who was eventually selected for the promotion. The GS-10 was the independent first choice of each of the three members of the panel who interviewed the candidates. Each of the panel members testified, with high credibility according to the AJ, that the GS-10 was the person most qualified who had the most relevant experience.

Ms. King's final argument is that the "AJ was clearly biased and this bias permeated this entire process." In support of this argument, Ms. King invites this court to examine the hearing transcript. However, in order to find an AJ biased, a showing of "a deep-seated favoritism or antagonism that would make fair judgment impossible" is required. Liteky v. United States, 510 U.S. 540, 555 (1994); Bieber v. Dep't of the

<u>Army</u>, 287 F.3d 1358, 1362 (Fed. Cir. 2002). After a thorough review of the record, we find that no such showing has been made.

## CONCLUSION

Because this court finds that the AJ's holdings are supported by substantial evidence, that the AJ did not abuse his discretion in making discovery and evidentiary rulings, and that the AJ has not been shown to be biased, the decision of the Board is affirmed.

No costs.